1 Eric P. Early, State Bar Number 166275
   *eearly@earlysullivan.com*
2 Kevin S. Sinclair, State Bar Number 254069
   *ksinclair@earlysullivan.com*
3 Joseph M. DeMaio, State Bar Number 307426
   *jdemaio@earlysullivan.com*
4 EARLY SULLIVAN WRIGHT
   GIZER & McRAE LLP
5 6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
6 Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| NATIONSTAR MORTGAGE LLC, | Case No.: 2:17-cv-8861 JVS (Ex) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| vs. | [Honorable James V. Selna] |
| CANON U.S.A., INC., et al., | |
| Defendants. | |

The Court, having read and considered the concurrently filed stipulation between plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") and Canon U.S.A., Inc. ("Canon") (collectively, the "Parties"), and good cause appearing therefor, hereby **ORDERS** as follows:

### 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties have stipulated to and petitioned the Court to enter this Stipulated Protective Order ("Order"). The Parties have acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties have further acknowledged, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer lists, financial analyses, third-party personally-identifying data, and other non-public valuable research, development, commercial, financial, technical, private, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, consumer mortgage and loan documents, confidential business and/or financial information, internal business documents and communications reflecting strategic initiatives, mortgage valuation, pricing, and servicing methodologies, and references to other

strategic, confidential business practices, and/or other confidential research, development, or commercial information (including information implicating privacy rights of third parties, such as issuing banks and mortgage lendees), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, including but not limited to the California Financial Information Privacy Act, California Financial Code section 4052.5, California Civil Code section 3426.1, the Gramm-Leach-Bliley Act, 15 U.S.C. section 6801, *et seq.*, the Insurance Information and Privacy Protection Act, California Insurance Code section 791.13, *et seq.*, and California Code of Civil Procedure section 1985.3, *et seq.* Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

## 2. DEFINITIONS

2.1 <u>Action</u>: the above-entitled Action, *NATIONSTAR MORTGAGE LLC v. CANON U.S.A., INC., ET AL.*, Case No. 2:17-cv-8861 JVS (Ex), pending in the United States District Court, Central District of California.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Counsel shall not designate any Disclosure or

Discovery Material as "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3

STIPULATED PROTECIVE ORDER

2.12 <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors:</u> persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. Professional vendors include a professional jury or trial consultant retained in this litigation.

2.14 <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" such as (1) proprietary technical information and specifications; (2) trade secrets; (3) confidential know-how; (4) proprietary business and financial information; (5) social security numbers, personal financial information, tax returns, driver's license numbers, and other personal or private information; (6) insurance information; and (7) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a Party to this Action. The parties will use reasonable care to avoid designating as "Protected Material" any Disclosure or Discovery Material that is in the public domain or does not fall into categories 1 through 7 of this subparagraph.

2.15 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order regarding such use.

This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final disposition of the Action.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

1  under this Order must be clearly so designated before the material is disclosed or
2  produced.
3        Designation in conformity with this Order requires:
4        (a)   for information in documentary form (*e.g.*, paper or electronic
5  documents, but excluding transcripts of depositions or other pretrial or trial
6  proceedings), that the Producing Party affix at a minimum, the legend
7  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
8  contains protected material. A Party or Non-Party that makes original documents
9  available for inspection need not designate them for protection until after the
10 inspecting Party has indicated which documents it would like copied and produced.
11 During the inspection and before the designation, all of the material made available
12 for inspection shall be designate for protection only those parts of material,
13 documents, items, or oral or deemed "CONFIDENTIAL." After the inspecting
14 Party has identified the documents it wants copied and produced, the Producing
15 Party must determine which documents, or portions thereof, qualify for protection
16 under this Order. Then, before producing the specified documents, the Producing
17 Party must affix the "CONFIDENTIAL legend" to each page that contains
18 Protected Material.
19       (b)   for testimony given in depositions or in other pretrial
20 proceedings, that the Designating Party identify the Disclosure or Discovery
21 Material on the record, before the close of the deposition, hearing, or other
22 proceeding, all protected testimony, and further specify any portions of the
23 testimony that qualify as "CONFIDENTIAL" or, when it is impractical to specify
24 portions entitled to protection, may simply invoke the right to designate all
25 testimony as "CONFIDENTIAL." Following the deposition, hearing, or proceeding
26 the Designating Party shall have 30 days, after the transcript becomes available, to
27 identify the specific portions of the testimony for which protection is sought. Only
28 those portions of the testimony that are appropriately designated for protection

within the 30 days shall be covered by the provisions of this Order. Prior to the expiration of the 30-day period, the transcript shall be treated as "CONFIDENTIAL."

   (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," including, for example, affixing "CONFIDENTIAL" to a file name or disk label. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*. A Challenging Party must comply with Federal Rule of Civil Procedure 37 and the Central District's Local Rule 37-1 through 37-4.

  6.3 <u>Judicial Intervention.</u> If, after conducting a Rule 37-1 conference, the parties are unable to reach resolution on the confidentiality designation, the parties must prepare a joint stipulation in conformity with Central District Local Rules 37-2, 37-2.1 and 37-2.2 for submission to the Court, outlining the issues in dispute and

the arguments of each Party. After the joint stipulation is filed, the parties may file a supplemental memorandum of law in conformity with Central District Local Rule 37-2.3. Any noticed motion filed after the joint stipulation must be in conformity with Central District Local Rule 37-3.

Until the Court enters an Order substantively adjudicating the challenge, and unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation and the material in question shall continue to be treated as Protected Material, including with regard to the limited access and use of such Protected Material as set forth in Section 7 below. Additionally, the parties reserve their respective rights and objections to the Court's Order substantively adjudicating the challenge, including but not limited to filing a subsequent motion, appeal, or writ if necessary.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, including any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below regarding final disposition.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Actual or potential insurers and indemnitors and their counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

The restrictions on the use of Confidential Information established by this Order are applicable only to the use by a Party of Confidential Information received from another Party or non-Party. A Party is free to do whatever it desires with its own documents and/or materials.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Unless the Designating Party seeks such protection and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3) make the information requested available for inspection by the Non- Party, if requested.

 (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, disclosure in the course of discovery of any document or information shall not be deemed to waive – in this litigation or in any other Federal or State proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work-product doctrine, or other privilege or immunity, regardless of the extent (if any) to which the producing Party has reviewed the document or information for privilege or other protection.

Pursuant to Fed. R. Evid. 502(d), if a Producing Party at any time notifies the Receiving Party that the Producing Party, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver in this litigation or in any other proceeding, including in Federal or State proceedings of the applicable privilege or protection for the purpose of this or any other Federal or State proceeding.

The Receiving Party shall upon request immediately return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things, shall provide a certification of counsel that all such disclosed materials have been returned or destroyed, and shall not use such items

for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within five (5) business days of receipt of the request. Within ten (10) business days of the notification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. Nothing in this Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

The return of any documents claimed to be privileged shall not constitute an acknowledgement that the claimed documents or information is in fact privileged or entitled to protections of immunity. Notwithstanding the foregoing, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

The Parties' stipulation constitutes a party agreement within the meaning of Federal Rule of Evidence 502(e), and upon adoption by the Court a court order within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any inconsistent provisions of Federal Rule of Evidence 502(b).

## 12. MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4  Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

12.5  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

12.6  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

12.7 This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.8 This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

///

## 14. VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

DATED: 3/6/18                         By: _____
                                          ~~THE HON. JAMES V. SELNA~~
                                          ~~UNITED STATES DISTRICT JUDGE~~
                                          Charles F. Eick
                                          United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Nationstar Mortgage LLC v. Canon U.S.A., Inc., et al.*, Case No 2:17-cv-8861 JVS (Ex). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

